UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD  DIVISION

| | | |
|---|---|---|
| Aaron E. Delgado, #54026-180, | ) | C/A No. 8:07-3237-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Federal Bureau of Prisons; and | ) | |
| Warden of FCI-Edgefield, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a "Treaty Transfer" prisoner at FCI-Edgefield, proceeding *pro se*, seeks relief

pursuant to 28 U.S.C. § 2241.  Petitioner filed his petition in 2007 in the Central District of California.

The case was transferred to this district because Petitioner was being housed in federal prison in South

Carolina.[1]

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter

comes before the court with the Report and Recommendation of United States Magistrate Bruce H.

Hendricks  filed October 17, 2007.  The Magistrate Judge makes only a recommendation to this court.

The recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making

a *de novo* determination of those portions of the report and recommendation to which specific objection

is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. §

---

[1] The Inmate Locator on the Bureau of Prisons website indicates that the petitioner was released
on June 13, 2008.

1

636(b)(1),

Based on her review of the record, the Magistrate Judge concluded that the Petitioner's § 2241 action should be dismissed without prejudice and without requiring the respondents to file a return because Petitioner has not exhausted his administrative remedies within the Federal Bureau of Prisons.

The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report.   On October 29, 2007, Petitioner filed a motion to reconsider the order based on a claim that exhaustion would be futile or to hold the case in abeyance while he completed the administrative process.   To the extent his motion to reconsider is considered as an objection, he has not shown sufficiently that exhaustion would be futile.  *See Rowe v. Peyton*, 383 F.2d 709, 711 (4th Cir. 1967); *Beharry v. Ashcroft*, 329 F.3d 51 (2nd Cir. 2003).

It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241.  *See* 28 C.F.R. § 542.10; 42 U.S.C. § 1997e; *Woodford v. Ngo*, 548 U.S. 81 (2006).  It also appears that the action has been rendered moot by the petitioner's release.[2]   Therefore, the petitioner's motion is denied.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court overrules all objections, denies the motion to reconsider or stay, and adopts the Report and Recommendation and incorporates it herein by reference.   Accordingly, the case is **DISMISSED** *without prejudice* and without requiring the respondents to file a return.

---

[2] *See* 28 U.S.C. § 2241(c); *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986).

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 26, 2008
Florence, South Carolina